IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) J.M. HOLLISTER, LLC and ) ABERCROMBIE & FITCH STORES, INC. ) d/b/a HOLLISTER CO., ) ) Defendants. ) | CIVIL ACTION NO. COMPLAINT JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Lakettra Bennett who was adversely affected by such practices. Defendant terminated Lakettra Bennett because of her religious beliefs.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants J.M. Hollister, LLC and Abercrombie & Fitch Stores, Inc. d/b/a Hollister Co. have continuously been doing business in the State of Missouri and the City of Richmond Heights and have continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lakettra Bennett filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September 1, 2007, Defendants engaged in unlawful employment practices at its Galleria Mall facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2. Specifically, Defendants refused to accommodate the religious beliefs of Lakettra Bennett and terminated her because she refused to wear either pants or a short skirt while at work as required by Defendants because of her religious beliefs.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Lakettra Bennett of equal employment opportunities and otherwise adversely affect her status as an employee, because of her religion.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Lakettra Bennett.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from refusing to accommodate the religious beliefs of employees, from terminating employees because of their religious beliefs, and any other employment practice which discriminates on the basis of religion.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees whose religious beliefs require accommodation and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Lakettra Bennett, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement of Lakettra Bennett.

    D. Order Defendants to make whole Lakettra Bennett, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

    E. Order Defendants to make whole Lakettra Bennett by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, in amounts to be determined at trial.

    F. Order Defendants to pay Lakettra Bennett punitive damages for their malicious and reckless conduct described in paragraphs 7, 9 and 10 above, in amounts to be determined at trial.

    G. Grant such further relief as the Court deems necessary and proper in the public interest.

    H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Barbara A. Seely
BARBARA A. SEELY
Regional Attorney


/s/ Melvin D. Kennedy
MELVIN D. KENNEDY
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce, Room 8.100
St. Louis, MO  63103
(314) 539- 7915 (telephone)
(314) 539-7895 (facsimile)
melvin.kennedy@eeoc.gov