UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) Case No. 4:08CV1470 JCH ) |
| ABERCROMBIE & FITCH STORES, INC., et al., | ) ) ) ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment as to Liability, filed July 31, 2009. (Doc. No. 25). The matter is fully briefed and ready for disposition.

## BACKGROUND

On November 26, 2006, Lakettra Bennett ("Bennett") was hired by Defendants to work as a sales person or "model" in their Abercrombie & Fitch store in Fairview Heights, Illinois. (Plaintiff's Memorandum in Support of its Motion for Partial Summary Judgment ("Plaintiff's Memo in Support"), P. 1). On or about June 5, 2007, Bennett was promoted into a Manager in Training (MIT) position, at Defendants' Hollister store in the St. Louis Galleria. (Id., citing Exh. C to Plaintiff's Motion to Exclude Defendants' Experts, Bennett Dep., PP. 30-33). At the time of her promotion, Bennett adhered to the Hollister "Look Policy," which directs that "associates should [] wear clothes that are similar to the Hollister brand." (Id., quoting Bennett Dep., P. 64). Bennett described the "look" in 2007 as consisting of, "ripped-up jeans, a little revealing, sporty, California beach style, laid back," and further described the length of skirts and dresses sold by Hollister at that time as falling just below the buttocks. (Id., PP. 1-2, quoting Bennett Dep., PP. 63, 86).

On September 16, 2007, while attending an Apostolic church service, Bennett had a religious experience, which she describes as having "repented and received the Holy Ghost." (Plaintiff's Memo in Support, P. 2, quoting Bennett Dep., P. 66). On or about September 18, 2007, Bennett shared her religious experience with Store Manager Jamie Mateer ("Mateer"), and informed Mateer that observance of the Apostolic faith forbade her from wearing pants or skirts that fell above the knee. (Id., citing Bennett Dep., PP. 87-88).[1] Plaintiff alleges Defendants made no reasonable effort to accommodate Bennett's religious needs, but instead informed Bennett her choices were to wear pants or skirts that fell above the knee, or resign from her position. (Id.). Bennett submitted her notice of resignation, but continued to work at the Hollister store until on or about October 15, 2007. (Id., citing Bennett Dep., Exh. 1). During this time period Bennett wore skirts or dresses that fell at or below her knees, and performed her job duties without any customer complaints regarding her skirt length. (Id., citing Exh. E to Plaintiff's Motion to Exclude Defendants' Experts, Mateer Dep., PP. 72-74).

On or about November 1, 2007, Bennett filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging religious discrimination under Title VII of the Civil Rights Act of 1964. (Plaintiff's Memo in Support, P. 2, citing Plaintiff's Summary Judgment Exh. A, EEOC Charge). The EEOC investigated Bennett's charge, and issued a Determination that Defendants had violated the religious accommodation requirement of Title VII, as they made no effort reasonably to accommodate Bennett's request, and offered no evidence to support their claim of undue hardship. (Id., citing Plaintiff's Summary Judgment Exh. B, EEOC

---

[1] Bennett testified that she was unaware of any 2007 Hollister clothing that would have been consistent with her religious beliefs. (Defendants' Response to Plaintiff's Statement of Undisputed Material Facts, ¶ 5, citing Bennett Dep., PP. 118-119).

Determination). When conciliation discussions proved unfruitful, the EEOC filed this lawsuit on Bennett's behalf on September 25, 2008. (Doc. No. 1).

In its Complaint, Plaintiff alleges Defendants violated the religious accommodation requirement of Title VII of the Civil Rights Act of 1964, by making no effort reasonably to accommodate Bennett's request to wear longer skirts in observance of her religious beliefs. (Compl., ¶ 7). As stated above, Plaintiff filed the instant Motion for Partial Summary Judgment on July 31, 2009, asserting there exist no genuine issues of material fact and Plaintiff is entitled to judgment as a matter of law on the issue of liability. (Doc. No. 25).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

Title VII makes it unlawful, "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's....religion." 42 U.S.C. § 2000e-2(a)(1). The statute broadly defines religion as, "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's...religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

In order to establish a prima facie case of religious discrimination under Title VII, Plaintiff must show that Bennett had a bona fide religious belief that conflicted with an employment requirement; that Bennett informed Defendants of this belief; and that Bennett was disciplined for failing to comply with the conflicting requirement of employment. Jones v. TEK Industries, Inc., 319 F.3d 355, 359 (8th Cir. 2003) (citations omitted). If Plaintiff succeeds in establishing its prima facie case, Defendants, "must provide a reasonable accommodation to an employee's religion, unless the employer demonstrates that he is unable to reasonably accommodate to an employee's...religious observance or practice without undue hardship on the conduct of the employer's business." E.E.O.C. v. Chemsico, Inc., 216 F.Supp.2d 940, 949 (E.D. Mo. 2002) (internal quotations and citation omitted). See also Brown v. Polk County, Iowa, 61 F.3d 650, 654 (8th Cir. 1995), cert. denied, 516 U.S. 1158 (1996) (because Defendants made no attempt to accommodate Plaintiff's religious

activities, they can prevail only by demonstrating that allowing the activities could not be accomplished without undue hardship).

In order to satisfy the first element of its prima facie case, "the plaintiff must demonstrate both that the belief or practice is religious and that it is sincerely held." E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico, 279 F.3d 49, 56 (1st Cir. 2002) (citations omitted). In the instant case, Defendants do not dispute that Bennett's request to wear skirts that fell at or below the knee was religious in nature. Chemsico, 216 F.Supp.2d at 950 n. 11. Rather, Defendants maintain a genuine issue of material fact remains as to whether Bennett's stated religious belief was sincerely held. (Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Defendants' Opp."), PP. 2-4).

"The element of sincerity is fundamental, since 'if the religious beliefs that apparently prompted a request are not sincerely held, there has been no showing of a religious observance or practice that conflicts with an employment requirement.'" Union Independiente, 279 F.3d at 56, quoting E.E.O.C. v. Ilona of Hungary, Inc., 108 F.3d 1569, 1575 (7th Cir. 1997).

> The finding on this issue generally will depend on the factfinder's assessment of the employee's credibility. Credibility issues such as the sincerity of an employee's religious belief are quintessential fact questions. As such, they ordinarily should be reserved for the factfinder at trial, not for the court at summary judgment.

Id. (internal quotations and citations omitted). See also Hussein v. Waldorf-Astoria, 134 F.Supp.2d 591, 597 (S.D. N.Y. 2001) (recognizing it is unusual to grant summary judgment when a party's intent is at issue).

Upon consideration, the Court finds Plaintiff is not entitled to summary judgment on the elements of its prima facie case of religious discrimination. Rather, the Court notes that in their response, Defendants present evidence that Bennett appeared for her deposition in this very case

wearing clothing that was potentially inconsistent with her alleged faith. (Defendants' Opp., P. 3, citing Bennett Dep., PP. 68, 75, 153-154). "Evidence tending to show that an employee acted in a manner inconsistent with [her] professed religious belief is, of course, relevant to the factfinder's evaluation of sincerity." Union Independiente, 279 F.3d at 57 (citation omitted). Under these circumstances, the Court finds a genuine dispute remains with respect to whether Bennett possessed a sincere religious belief precluding compliance with the Look Policy, and so Plaintiff's Motion for Partial Summary Judgment on the issue of liability must be denied. Chemsico, 216 F.Supp.2d at 950-951.[2]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment as to Liability (Doc. No. 25) is **DENIED**.

Dated this 26th day of October, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[2] In a separate Memorandum and Order entered this day, the Court found genuine issues of material fact also remained with respect to Defendants' obligation reasonably to accommodate Bennett's religious practice, or demonstrate they could not do so absent undue hardship.